*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

### No. 11-AA-0337

KELVIN JOHNSON, PETITIONER,

V.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT.

Petition for Review of a Decision of the Compensation Review Board
(CRB-068-09)

(Submitted October 1, 2014                               Decided March 5, 2015)

*Matthew Peffer* for Petitioner Kelvin Johnson.

*Mary L. Wilson*, Senior Assistant Attorney General, with whom *Irvin B. Nathan*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, and *Loren L. AliKhan*, Deputy Solicitor General, were on the brief for Respondent District of Columbia Department of Employment Services.

Before GLICKMAN and EASTERLY, *Associate Judges*, and PRYOR, *Senior Judge*.

EASTERLY, *Associate Judge*: Petitioner Kelvin Johnson appeals from an order of the Compensation Review Board ("CRB") vacating a portion of a District of Columbia Department of Employment Services ("DOES") Administrative Law Judge's ("ALJ") Compensation Order. The DOES ALJ awarded Mr. Johnson, as the prevailing party, costs (in the amount of $1,462.00) as well as attorney's fees,

but the CRB determined that there was no basis for an award of costs under the Comprehensive Merit Personnel Act ("CMPA"), D.C. Code § 1-623.01, *et seq.* (2012 Repl.). We review this issue *de novo*, "recognizing that this court is the final authority on issues of statutory construction." *Fluellyn v. District of Columbia Dep't of Emp't Servs.*, 54 A.3d 1156, 1160 (D.C. 2012) (internal quotation marks omitted).

To determine if the CMPA permits a DOES ALJ to award costs as well as attorney's fees to a prevailing claimant, we begin with an examination of the plain language of the statute, *Parrish v. District of Columbia*, 718 A.2d 133, 136 (D.C. 1989), which we assume best reflects the intent of the legislature. *Varela v. Hi-Lo Powered Stirrups, Inc.*, 424 A.2d 61, 64-65 (D.C. 1980). "If the meaning of the statute is plain on its face, resort to legislative history or other extrinsic aids to assist in its interpretation is not necessary." *Parrish*, 718 A.2d at 136 (internal quotation marks omitted).

The CMPA authorizes only an award of attorney's fees pursuant to D.C. Code § 1-623.27 (b)(2) (2012 Repl.).[1]  It contains no mention of awards of costs. "Attorney's fee[s]," as the term is generally understood (i.e., payment to counsel for legal work performed), are not the same as costs—here payments to obtain medical records ($212.21) and two independent medical examinations ($1279.71)—and indeed the distinction between the two is reflected in numerous provisions of the D.C. Code[2] including the private sector worker's compensation statute.[3]  Where, as here, the Council makes express mention of one thing— attorney's fees—"the exclusion of others is implied, because there is an inference that all omissions should be understood as exclusions." *Howard Univ. Hosp./Prop. & Cas. Guarantee Fund v. District of Columbia Dep't of Emp't Servs.*, 952 A.2d

---

[1]  Section 1-623.27 (b)(2) states:  "[i]f a person utilizes the services of an attorney-at-law in the successful prosecution of his or her claim under § 1-623.24 (b) or before any court for review of any action, award, order, or decision, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee, not to exceed 20% of the actual benefit secured, which fee award shall be paid directly by the Mayor or his or her designee to the attorney for the claimant in a lump sum within 30 days after the date of the compensation order."

[2]  *See, e.g.*, D.C. Code § 1-615.05 (b) (2012 Repl.) (allowing awards of "reasonable attorney's fees and other costs" in government employee *qui tam* actions); D.C. Code § 1-615.54 (a)(1)(G) (2012 Repl.) (allowing awards of "[r]easonable costs and attorney fees" in government employee whistleblower actions).

[3]  *See* D.C. Code § 32-1530 (d) (2012 Repl.) ("In cases where an attorney's fee is awarded against an employer or carrier there may be further assessed against such employer or carrier as costs, fees and mileage for necessary witnesses attending the hearing at the instance of claimant.").

168, 174 n.4 (D.C. 2008) (internal quotation marks omitted). Thus, we disagree with Mr. Johnson's assertion that the CRB's determination that the CMPA does not allow for an award of costs "is both clearly erroneous and inconsistent with the plain language of the statute."

Mr. Johnson appears to argue in the alternative, however, that the omission of any mention of costs in the CMPA is ambiguous and that courts ought to "liberally construe" D.C. Code § 1-623.27 (b)(2) to allow awards of costs as well as attorney's fees. Preliminarily, we note that, even if we were to accept that there is ambiguity in this provision of the CMPA regarding the award of costs, the question before us would not be whether, starting from a clean slate, a statutory provision authorizing an award of attorney's fees to a prevailing claimant could or should be interpreted also to allow for an award of costs, but rather whether the agency that administers the CMPA, here DOES, has reasonably resolved this ambiguity. *See Chevron, U.S.A, Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842-44 (1984); *Nunnally v. D.C. Metro. Police Dep't*, 80 A.3d 1004, 1010 (D.C. 2013). "Recognizing agency expertise, . . . we accord great weight to any reasonable construction of a[n ambiguous] statute by the agency charged with its administration." *Fluellyn*, 54 A.3d at 1160 (internal quotation marks omitted). "We will sustain the agency's interpretation even if a petitioner advances another

reasonable interpretation of the statute or if we might have been persuaded by the alternate interpretation had we been construing the statute in the first instance." *Id.* (internal quotation marks omitted).

In a *Chevron* analysis, "[c]onsistent and longstanding agency interpretations, such as those enacted in regulations, merit the most deference." *Nunnally*, 80 A.3d at 1012. Looking to the CMPA regulations, we find no mention, much less authorization, of costs. Instead, like the CMPA itself, the regulations allow only an award of "fees for representation of a claimant," 7 DCMR § 132.1, and are thus reasonably understood to exclude an award of costs. Mr. Johnson points us to the regulations for the private sector worker's compensation statute, which, like the statute it implements, expressly allow awards of fees and costs. *See supra* note 3; 7 DCMR § 269.2 (allowing "an attorney's fee (including, where appropriate, request for reimbursement of costs) for legal work"). But the private sector regulations do not apply to District government employees like Mr. Johnson for whom the CMPA is their exclusive remedy.[4] Mr. Johnson's reliance on Federal

---

[4] *See Jackson v. District of Columbia Emps.' Comp. Appeals Bd.*, 537 A.2d 576, 577 n.1 (D.C. 1988) ("District of Columbia government employees are not covered by other workers' compensation laws. Instead, a comparable system for providing disability benefits has been established under the [CMPA].") (internal citations omitted); *cf. District of Columbia Dep't of Mental Health v. District of*

Employee Compensation Act's ("FECA") regulations is similarly unavailing: these regulations expressly authorize costs to be paid by the claimant.[5]  Indeed, FECA does not authorize fee-shifting awards to the prevailing claimant[6] as does the CMPA. [7]

The conclusion we reach by examining the plain language of the CMPA and its regulations is not undermined by Mr. Johnson's arguments about the legislative history of D.C. Code § 1-623.27 (b)(2) or the "purposes of the attorneys' fees provisions" generally.[8]  While the Committee Report reflects that the Council

---

*Columbia Dep't of Emp't Servs.*, 15 A.3d 692, 694 n.1 (D.C. 2011) (explaining CMPA's exclusive remedial scheme).

[5]  20 C.F.R. § 10.702 (a) ("A representative may charge the claimant a fee and other costs associated with the representation before [the Office of Workers' Compensation Programs].").

[6]  5 U.S.C. § 8127 (b); *Owens v. Brock*, 860 F.2d 1363, 1369 (6th Cir. 1988) ("5 U.S.C. § 8127 (b), . . . is a fee approval provision, as opposed to . . . a fee shifting statute.").

[7]  Beyond the agency regulations, this court also considers the CRB's interpretation of the CMPA, acknowledging its expertise in administering the statute, and "we ordinarily must defer to the [CRB's] reasonable interpretations of ambiguous provisions in that legislation." *Howard Univ. Hosp. v. District of Columbia Dep't of Employment Servs.*, 960 A.2d 603, 606 (D.C. 2008).  Here, the CRB's reversal of the DOES ALJ's award of costs simply aligns with our understanding of the plain language of the CMPA and its regulations.

[8]  We are particularly unpersuaded by Mr. Johnson's assertions that the attorney's fee provision of the CMPA should be interpreted with reference to an entirely unrelated federal statute, Title VII of the Civil Rights Act, where Title VII

wished to make it easier for injured government employees to obtain representation in these matters,[9] it also reflects that the Council was concerned about the financial burden of requiring the District to pay the attorney's fees of a prevailing claimant under the CMPA.[10] It is thus reasonable to conclude that the Council decided to authorize payment by the District of fees, but not costs.[11]

---

expressly provides for an award of costs to the claimant that includes attorney's fees. *See* 42 U.S.C. § 2000e-5 (k) ("[T]he court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . .").

[9] COUNCIL OF THE DISTRICT OF COLUMBIA, COMM. ON GOV'T OPERATIONS, REPORT ON BILL 16-238, *District Government Injured Employee Protection Act of 2006*, at 2 (Nov. 6, 2006) ("Many employees[ ] who are injured on the job[ ] and are forced to seek legal representation find it extremely difficult to obtain legal services.").

[10] *Id.* at 3 ("DOES would see a sharp increase in the litigation hours spent on public sector work activities associated to the disposition of appeals. As such, our fiscal budgets would have to be increased in order to address the additional personal resources that would be needed to handle more claimant appeals responsibly."); DISTRICT OF COLUMBIA OFFICE OF THE CHIEF FINANCIAL OFFICER, FISCAL IMPACT STATEMENT ON BILL 16-238, *District Government Injured Employee Protection Act of 2006*, at 1 (June 16, 2006) ("Conclusion: Funds are not sufficient in the FY 2007 through FY 2010 budget and financial plan to implement the proposed legislation. The proposed legislation would result in a negative fiscal impact on the local General Fund of $1.0 million in FY 2007 and an overall impact of $4.1 million for FY 2007 through FY 2010.").

[11] The costs for a CMPA claim generally relate to obtaining medical evidence to support the claim—evidence which presumably already exists in large part and need not be generated in order to bring the claim.

Of course, this opinion does not foreclose the Council from amending the statute to expressly allow for awards of costs, but unless and until it does, we will not interpret D.C. Code § 1-623.27 (b)(2) to authorize costs, particularly where the agency, in its regulations, has not done so.  For the foregoing reasons, the order of the Compensation Review Board is

*Affirmed.*