In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1749

HEDEEN INTERNATIONAL, LLC, d/b/a
Fun City, USA,

*Plaintiff-Appellant*,

*v.*

ZING TOYS, INC., et al.,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Eastern District of Wisconsin
No. 1:14-cv-00304-WCG — **William C. Griesbach**, *Chief Judge.*

ARGUED NOVEMBER 4, 2015 — DECIDED JANUARY 27, 2016

Before KANNE, ROVNER, and SYKES, *Circuit Judges.*

ROVNER, *Circuit Judge.* On March 21, 2014, Hedeen International, LLC ("Hedeen") filed suit in the United States District Court for the Eastern District of Wisconsin alleging breach of contract and unjust enrichment against two corporations, OzWest, Inc. and Zing Toys, Inc., and against Peter Cummings who was the leading shareholder in those companies.

Cummings is an Australian citizen who resides in Hong Kong and has never visited Wisconsin. The amended complaint identifies him as a principal of OzWest, which is an Oregon company, and he is OzWest's signatory on the license agreement which underlies this case. The district court granted Cummings' motion to dismiss for lack of personal jurisdiction, and Hedeen now appeals that determination. Hedeen argues that Cummings waived the right to challenge personal jurisdiction because he did not file a motion within 21 days of service of the complaint.

Hedeen served Cummings through office service under Oregon law by leaving a copy of the summons and complaint at OzWest's office in Oregon on March 31, 2014, and by mailing copies of those same documents to the Oregon office address on June 4. On June 10, 2014, Hedeen filed an Amended Complaint. That complaint alleged that OzWest had breached a license agreement with it and that Cummings had employed some of his other companies to sell the products which Hedeen had licensed to OzWest without paying a royalty. OzWest served a motion to dismiss on July 7, 2014, but Cummings did not file any response in court. Hedeen attempted service again on July 15, and three days later sought declaratory relief establishing that Cummings had been properly served and for an extension of time to serve him if service was deemed faulty. The court entered an order on July 24 declaring that it appeared that Cummings was properly served and was avoiding service, but reserving the right for Cummings to challenge service if he appeared.

On October 22, 2014, Cummings filed a motion to dismiss asserting that service of process was insufficient and that the

court lacked personal jurisdiction over him. The court rejected his argument as to service, again concluding that service was proper. As to the motion for personal jurisdiction, Hedeen asserted that Cummings had waived that argument by failing to assert it within 21 days, which Hedeen asserted was the time period mandated by Federal Rules of Civil Procedure 12(h) and 12(a)(1). The district court rejected that reading of Rule 12 and determined that the motion was timely filed. The court then held that it lacked personal jurisdiction over Cummings and granted his motion to dismiss for lack of personal jurisdiction. Hedeen now appeals to this court, challenging only the district court's determination that Cummings did not waive his challenge to personal jurisdiction.

The sole issue before us, then, is whether under Rule 12, a litigant is required to raise a defense of lack of personal jurisdiction within 21 days of service. Rule 12(a) provides that unless another time is specified, the time for serving a responsive pleading is 21 days after being served with the summons or complaint and that serving a motion under the rule alters that time period. Fed.R.Civ.P. 12(a)(1)(A)(I) and (a)(4). Rule 12(b) directly addresses defenses, providing that every defense to a claim for relief in any pleading must be asserted in a responsive pleading if one is required, but that a party may assert certain defenses by motion, including the defense of lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). It further provides that a motion asserting any of those defenses must be made before pleading if a responsive pleading is allowed. Fed.R.Civ.P. 12(b).

Those provisions do not on their face impose a 21-day rule on a motion presenting a defense of personal jurisdiction. They

provide that a responsive pleading such as an answer must be filed within 21 days, but the defenses can be asserted either in that responsive pleading or in a motion. Rule 12(b) provides that the motion cannot occur after such a responsive pleading is filed, but that is not at issue here because the motion was not filed after a responsive pleading was filed. Therefore, the plain language does not impose a 21-day restriction on the motion. Rule 12(h) directly addresses waiver, providing that a party waives a defense, including that based on personal jurisdiction, by omitting it from its first motion or by failing to *either* make it in a motion under Rule 12 *or* include it in the responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course. By its terms, then, the rule allows a defense based on lack of personal jurisdiction to be raised either in a responsive pleading, which would be subject to the 21-day provision discussed earlier, or by a motion. The rule does not by its terms impose a 21-day time period on that motion.

Courts addressing this issue have taken divergent paths, but we agree with a leading commentator that applying the 21-day time limit to motions under Rule 12 would require "an overly strict interpretation of the language of Rule 12(a) and Rule 12(h)(1)." 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1391 (3d ed. 2004, supp. 2015)(also noting that "[t]here do not appear to be any recent cases applying the Rule 12(a) benchmark for waiver."); see, e.g., *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir. 1983)("Rule 12(h)(1) of the Federal Rules of Civil Procedure does not call for the assertion of the lack of personal jurisdiction defense within the time provided in Rule 12(a)."), *Bechtel v. Liberty Nat. Bank*, 534 F.2d 1335, 1341 (9th Cir. 1976)(agreeing with Wright & Miller that

applying the 21-day provision to motions is an overly strict interpretation, and holding that such a motion may be made at any time prior to a responsive pleading), *Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc.*, 343 F.2d 7, 12 (8th Cir. 1965)(in *dicta* cautioning that a Rule 12 motion must be filed within 20 days of service of the complaint or the defense is waived).

Litigators should be able to rely on the plain language of the Rules in conducting litigation in federal court. Under a straightforward reading of Rule 12, a challenge to personal jurisdiction may be asserted either in a responsive pleading filed within 21 days, or in a motion with no similar time limit specified. That does not mean the time for filing such a motion is unbounded or that the plaintiff was without recourse. Failure to file a motion or responsive pleading in 21 days may result in the issuance of a default judgment against the defendant. Moreover, a personal jurisdiction defense may be waived if a defendant gives a plaintiff a reasonable expectation that he will defend the suit on the merits or where he causes the court to go to some effort that would be wasted if personal jurisdiction is subsequently found lacking. *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 848 (7th Cir. 2012); *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). But Hedeen has declined to argue that the delay in filing the motion met those standards, relying solely on the argument that it was untimely because filed more than 21 days after service of the complaint. We agree with the district court that the defense was not waived by the failure to file the motion within 21 days.

The decision of the district court is AFFIRMED.