*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-AA-882

NIKEESHA WEBB, PETITIONER,

V.

DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, RESPONDENT.

Appeal from the Department of Employment Services
Compensation Review Board
(CRB No. 17-047)

(Argued September 26, 2018                      Decided March 21, 2019)

(Amended April 11, 2019)*

*Harold L. Levi*, with whom *Robert Newman* was on the brief, for petitioner.

*Jason Lederstein*, Assistant Attorney General, Office of the Solicitor General, with whom *Karl A. Racine*, Attorney General for the District of Columbia, *Loren L. AliKhan*, Acting Solicitor General at the time the brief was filed, and *Stacy L. Anderson*, Senior Assistant Attorney General, were on the brief, for respondent.

_____

\* This opinion is amended as follows: (1) Page five, line three – eliminated In the Matter of; (2) Page seven, line six – inserted CRB prior to Modified Fee Petition Order; (3) Page seven, line eight – inserted CRB prior to Modified Fee Petition Order; (4) Page sixteen, line eight – changed CRB's to ORM's; (5) Page seventeen, line 13 – inserted CRB prior to Modified Fee Petition Order.

Before FISHER and THOMPSON, *Associate Judges*, and GREENE, *Senior Judge, Superior Court of the District of Columbia.\*\**

GREENE, *Senior Judge*:  Petitioner Nikeesha Webb submitted a claim for public sector workers' compensation disability benefits pursuant to the District of Columbia's Comprehensive Merit Personnel Act of 1978 (CMPA).  She asserts that the Compensation Review Board (CRB) erred in modifying the attorney's fee award, arguing, *inter alia*, that: (1) the Office of Risk Management (ORM) did not have the authority under the CMPA to promulgate rules regarding Department of Employment Services (DOES) public sector hearings and adjudications; (2) the rule regarding attorney-fee awards is inconsistent with the CMPA; (3) the rule regarding attorney-fee awards was improperly applied retroactively to petitioner's pending fee application; and (4) even if ORM did have the authority to promulgate the rules, ORM failed to properly promulgate or extend its "emergency" rules. Because we are persuaded that (1) ORM had authority to promulgate rules regarding DOES public sector hearings and adjudications, (2) the rule regarding attorney-fee awards is consistent with the CMPA, (3) the rule regarding attorney-fee awards was not improperly applied retroactively to petitioner's pending fee

_____

\*\*  Sitting by designation pursuant to D.C. Code § 11-707(a) (2012 Repl.).

application, and (4) petitioner's challenge to the validity of the emergency rulemaking is moot because it was superseded by the final rulemaking, we affirm the CRB's Modification of the attorney's fee award.

## I.  **Procedural History**

Petitioner Webb began her employment with the Metropolitan Police Department (MPD) as a police cadet in 1989.  In October 2012, she began working in the MPD's Henry J. Daly Building as a Compliance Monitor.  Two years later, several water intrusions, due to storm leakage from the building's roof, occurred in Suite 5030 where her office was located.  In July 2014, Ms. Webb experienced health issues seemingly related to her work environment, requiring her to use sick leave.  In December 2014, a water leak occurred above her desk.  Following that leak, she coughed, sneezed, vomited, and experienced headaches and runny eyes.  Around December 17, 2014, she lost her voice.  *In the Matter of Webb v. District of Columbia Metropolitan Police Department*, Department of Employment Services Compensation Order, Sept. 26, 2016 (hereinafter, "Compensation Order") Appendix (hereinafter, "App.") at 2-3.

On January 2, 2015, following another period of sick leave, Ms. Webb requested an air quality study. That study revealed that multiple water intrusions had occurred in Suite 5030 during 2014 and had resulted in ceiling tile damage and wet carpeting. The study also indicated that mold, including "aspergillus," was present. Compensation Order, App. at 3.

Ms. Webb consulted with various doctors, including Dr. Maurice A. Wright, Dr. Adriano Salicru, Dr. Sheryl Lucas, and Dr. James A. Mutcherson. She also moved offices to see if that would alleviate her illness. In January 2015, she moved to Room 6028, which also had water damage, dirty carpeting, and a leaky exhaust pipe. In April 2015, she experienced similar problems when she moved offices again. Dr. Wright subsequently diagnosed Ms. Webb with reactive airway disease, allergic conjunctivitis, and allergic rhinitis brought on by work-related allergic reactions. Compensation Order, App. at 3-4.

On July 18, 2016, a full evidentiary hearing took place before Administrative Law Judge (ALJ) Gwenlynn D'Souza. In a September 26, 2016 Compensation Order, ALJ D'Souza concluded that Ms. Webb had proved by a preponderance of the evidence that she sustained injury to her immune and

respiratory systems, and that her injury arose during the course of her employment in December 2014. Compensation Order, App. at 8. On March 1, 2017, the CRB's Decision and Order affirmed ALJ D'Souza's Compensation Order. *Webb v. District of Columbia Metropolitan Police Department*, Compensation Review Board Decision and Order, March 1, 2017 (hereinafter, "CRB Order"), App. at 10-17.

On December 16, 2016, before the CRB Order affirming ALJ D'Souza's Compensation Order, ORM introduced a proposed rulemaking and an emergency rulemaking focused on public sector workers' compensation benefits, including a provision providing for an award of reasonable attorney's fees following the successful prosecution of a claim. The rule regarding attorney's fees contained in both the regular proposed rule and the emergency rule provided that "'Actual benefits secured' for the purpose of Section 2327[1] means the total amount of benefits secured by an attorney in connection with a hearing *through the date of the compensation order only and shall not include future benefits*." (Emphasis added.) The final rule, which was adopted on June 26, 2017, and became effective on July 7, 2017, similarly provided that "'Actual benefits secured' for the purpose

---

[1] Representation and attorney's fees are addressed in D.C. Code § 1-623.27 (2012 Repl.).

of Section 2327 [of the CMPA] means the total established amount of benefits secured by an attorney in connection with a hearing or court proceeding *through the date of the compensation order only, and shall not include future benefits.*"[2] (Emphasis added.)

Shortly after the Compensation Order in this matter and the CRB Order affirming it became final, petitioner filed fee petitions with the CRB and the Office of Hearings and Adjudications (OHA) for the work petitioner's counsel performed before each body resulting in the successful prosecution of petitioner's claim. App. at 25. On April 12, 2017, ALJ D'Souza granted counsel's petition in part, deciding that counsel should receive 20 percent of the benefit received, *as well as 20 percent of future payments until the attorney's fee is satisfied. In the Matter of Webb v. District of Columbia Metropolitan Police Department*, Order Regarding Fee Petition, April 12, 2017 (hereinafter, "Fee Petition Order"), App. at 19-23.

The MPD appealed the Fee Petition Order. In response, the CRB modified the Order on July 20, 2017, and July 27, 2017, determining the attorney's fee award could not exceed 20 percent of the benefits received as of the date of the

---

[2] D.C.gov, District of Columbia Municipal Regulations and District of Columbia Register – Office of Risk Management, 7 DCMR §§ 162.1, 162.2; see 7 DCMR §199.

Compensation Order. *Webb v. District of Columbia Metropolitan Police Department*, CRB No. 17-047, Compensation Review Board Decision and Order, July 20, 2017 (hereinafter, "CRB Decision and Order"), App. at 24-28, and *Webb v. District of Columbia Metropolitan Police Department*, CRB No. 16-142(A)(1), Compensation Review Board Order Granting an Attorney Fee Award, July 27, 2017 (hereinafter, "CRB Modified Fee Petition Order"), App. at 31-34.

It is from the CRB Decision and Order and the CRB Modified Fee Petition Order that this petition for review followed.

## II. Standard of Review

This court's review of agency decisions is limited. *Gatewood v. District of Columbia Water & Sewer Auth.*, 82 A.3d 41, 50 (D.C. 2013). Pursuant to this limited review, "we must affirm unless we conclude that the agency's ruling was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *King v. District of Columbia Water & Sewer Auth.*, 803 A.2d 966, 968 (D.C. 2002) (quoting *Olson v. District of Columbia Dep't of Emp't Servs.*, 736 A.2d 1032, 1037 (D.C. 1999)). *See also* D.C. Code § 2-510 (2012 Repl.). We review questions of law *de novo*. *Owens v. District of Columbia Water & Sewer Auth.*,

156 A.3d 715, 719 (D.C. 2017). *See also Stevens v. District of Columbia Dep't of Health*, 150 A.3d 307, 312 (D.C. 2016) ("Questions of law, including questions regarding the interpretation of a statute or regulation, are reviewed *de novo*." (citation omitted)).

## III. Analysis

### A. Authority to Issue the Rules

The gravamen of the petition for review is that ORM does not have the statutory authority under the CMPA to promulgate rules regarding DOES public sector hearings and adjudications, including those related to awards of attorney's fees. Although petitioner acknowledges that the CMPA covers (1) workers' compensation wage loss and medical benefits available to D.C. government employees who suffer injuries in the course of their employment, and (2) the awarding of attorney's fees, she asserts that the CMPA does not reference ORM. Moreover, even if ORM had the statutory authority, petitioner argues, ORM did not satisfy the requirements for an emergency rulemaking.

To the contrary, the government asserts ORM did have the necessary authority to issue such a rule. Since the D.C. Council's creation of the public sector workers' compensation program in 1979, the government argues, the D.C. Mayor has possessed the authority to "administer and address and decide all questions arising under" the program, and that authority "has expressly included – indeed required – rule-making." This authority can be – and over the years, has been – delegated by the Mayor to different administrative agencies.

We conclude that ORM had the authority, pursuant to power delegated from the Mayor and D.C. Council, to issue these rules. The CMPA is codified at D.C. Code § 1-623.01 *et seq*.,[3] and the Act addresses the administration of the public

---

[3] Arguing that the Mayor could not delegate such power to ORM, petitioner relies on a provision of the Code that addresses the administration of the public sector workers' compensation program:

> The Mayor shall administer and decide all questions arising under this chapter. The Mayor may delegate to the City Administrator any of the powers conferred on him or her by this chapter, except disability compensation hearings and adjudication powers, *pursuant to § 1-623.28*, which shall be exercised by the Director of the Department of Employment Services. (Emphasis added.)

D.C. Code § 1-623.02a (2012 Repl.). However, § 1-623.28 discusses the actual review of awards, *not* the determination of attorney's fees.

sector workers' compensation program, including types of disability, hearings, representation, and attorney's fees. It provides that "The Mayor or his or her designee shall determine and make a finding of facts and an award for or against payment of compensation under this subchapter within 30 days after the claim was filed . . . ." D.C. Code § 1-623.24(a) (2001). Attorney's fees are addressed in D.C. Code § 1.623.27 (2012 Repl.), which imposes no restriction on the Mayor delegating to ORM the authority to issue rules regarding how attorneys' fees shall be awarded pursuant to §1.623.27.

Moreover, our understanding of the reasons for the Mayor's creation of ORM pursuant to Reorganization Plan No. 1 of 2003 (hereinafter, "Reorganization Plan No. 1") informs our conclusion that ORM had authority to issue rules regarding the award of attorneys' fees under §1.623.27. ORM was created for the purpose of transferring responsibility over D.C.'s public sector disability compensation program and other similar programs to ORM, with a goal, *inter alia*, of "minimiz[ing] the probability, occurrence and impact of accidental losses in the District government." D.C. Code § 1-1518.01, 4(a), Subch. XVIII, 2003, Part A, Reorganization Plan No. 1 of 2003. ORM was directed to "[a]dminister, organize, and exercise all of the powers, duties and functions concerning the District of Columbia Government Employees' Disability Compensation Program," and the

plan directed that all of the "powers, duties, and functions" over the Program be transferred from the District's personnel office to ORM. *Id*. at 6(j).

As the Mayor's letter to the Council at the time of Reorganization Plan No. 1 emphasized, the reorganization would help "promote more effective management of the District government and of its agencies and functions by implementing a systemic protocol with accountability measures causing agencies to identify and analyze possible risks to effective accomplishment of their objectives, and developing appropriate risk control strategies to minimize the occurrence of actual losses." Letter of June 24, 2003, from Mayor Anthony A. Williams to D.C. Council Chairman Linda W. Cropp. The Mayor subsequently issued an Order, which remains in effect today, delegating to the Director of ORM mayoral authority for rule-making as provided in D.C. Code § 1-623.44. Mayor's Order 2004-198 (Dec. 14, 2004).

Clearly, it was within the Mayor's authority (1) to find that as part of ORM's oversight of public service disability programs, the proper awarding of attorney's fees in this context would contribute to the effective management of D.C. government, and (2) to issue and implement an order that would promote that result by both incentivizing attorneys to represent complainants in such actions,

and setting limits on attorney compensation that would help in managing the risk and burden placed on government coffers. Consequently, we agree with DOES that the broad power delegated to ORM by the Mayor "includes the question under the CMPA of when and to what extent a claimant may receive a 'compensation order' for an award of attorney's fees as described in D.C. Code § 1-623.27 (2012 Repl.)."

## B. Consistency of Rules with CMPA

Petitioner further asserts that even if ORM did have the authority to determine when and to what extent petitioner could receive an award of attorney's fees, the exclusion of future benefits from the computation of the attorney's fee award is "contrary to the language and purpose of the CMPA." However, as respondent persuasively argues, the CMPA's plain language is to the contrary and explicitly provides that "actual benefits secured" necessarily refers to the disability and medical expenses received or soon to be received based on the attorney's work, not "ambiguous" future payments where ongoing disability may be involved in a case. We agree with respondent that the requirement of a lump sum payment, combined with a 30-day time limit within which the government must pay any

award, does not comport with the availability of future payments under the CMPA provision at issue.

In sum, the rule regarding the calculation of attorney's fees is consistent with the CMPA. The CMPA provides a framework for the award of attorneys' fees in the public sector workers' compensation context:

> If a person utilizes the services of an attorney-at-law in the successful prosecution of his or her claim under § 1-623.24(b) or before any court for review of any action, award, order, or decision, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee, not to exceed 20% of the actual benefit secured, which fee award shall be paid directly by the Mayor or his or her designee to the attorney for the claimant in a lump sum within 30 days after the date of the compensation order.

D.C. Code § 1.623.27(b)(2) (2012 Repl.).

A "successful prosecution" refers to "obtaining an award of compensation that exceeds the amount that was previously awarded, offered, or determined." D.C. Code § 1.623.27(b)(1) (2012 Repl.). There appears to be no dispute regarding the successful prosecution of petitioner's claim here; rather, the issue between the parties is the "actual benefit secured" in light of the "lump-sum-within-30-days" qualification.

Statutory construction generally demands reading a statute in its entirety, and a "statute should be interpreted as a harmonious whole." *Stevens v. District of Columbia Dep't of Health*, *supra*, 150 A.3d at 315-16 (quoting *In re T.L.J.*, 413 A.2d 154, 158 (D.C. 1980) (internal quotation marks omitted)). Petitioner's argument that future benefits should be included in the computation of attorney's fees is fundamentally at odds with the requirement that the fee award shall be paid in a lump sum within 30 days after the date of the compensation order. It is highly unlikely that the D.C. Council would have included these words if they were to serve no purpose.

Petitioner's argument that the ORM rules demonstrate an utter disregard for the CMPA is without merit. The D.C. Council's Committee on Government Operations reviewed the CMPA in 2006, largely due to a decision relating to attorney's fees. *See* D.C. Council Committee on Government Operations, Report on Bill No. 16-238 (Nov. 6, 2006) (hereinafter Government Operations Report). In determining what an attorney's fee framework should be, the Committee recognized how injured D.C. government employees seeking legal representation struggle to do so, noting that "[o]ver 30 jurisdictions, nationally, have enacted laws that provide for attorney fees for successful claimants . . . . In addition, the District's private sector worker compensation program provides for attorneys' fees

for successful claimants." Government Operations Report at 2. The Committee Report indicated that the Council wanted to help injured government employees in the pursuit of their claims. Nevertheless, the Council was also mindful of the financial strain that awarding attorney's fees would impose on the District. *Johnson v. District of Columbia Dep't of Emp't Servs.*, 111 A.3d 9, 12 (D.C. 2015). As we observed in *Johnson* in language apposite here,

> While the Committee Report reflects that the Council wished to make it easier for injured government employees to obtain representation in these matters, it also reflects that the Council was concerned about the financial burden of requiring the District to pay the attorney fees of the prevailing claimant.

*Id*.

The legitimate considerations of both the need to provide attorney fees for lawyers who represent government employees who are injured during the course of their employment, and the need to prevent the government from being subject to uncertain, unpredictable (and possibly unending) future financial obligations, persuade us that the exclusion of future benefits from the computation of the attorney's fee award here was not contrary to the language or purpose of the CMPA.

## C. Additional Matters

Petitioner's assertion that the rule regarding attorney-fee awards was improperly applied retroactively to her pending fee application is without merit. "The general rule . . . is that an appellate court must apply the law in effect at the time it renders its decision." *See Thorpe v. Hous. Auth. of the City of Durham,* 393 U.S. 268, 282 (1969); *Scholtz P'ship v. District of Columbia Rental Accommodations Comm'n,* 427 A.2d 905, 914 (D.C. 1981) (applying *Thorpe* rule to administrative agency decisions). Here, ORM's emergency rule providing that attorney fee awards would be limited to "actual benefits secured" and would not include "future benefits," was effective December 16, 2016; the final rule containing the same provisions was adopted on June 26, 2017, and became effective July 7, 2017. Thus, *both* the emergency and final rules were in effect *before* the final resolution of the Metropolitan Police Department's appeal of the attorney fee awards to petitioner's counsel by the CRB on July 20 and July 27, 2017, in this case. See discussion above at pp. 4-6. Moreover, petitioner demonstrates no way in which the CRB's attorney fee rule impermissibly interfered with any of her "antecedent rights." *See Scholtz, supra,* 427 A.2d at 913.

With regard to petitioner's claim that ORM failed to properly promulgate or extend its "emergency" rules, the final rulemaking was published on July 7, 2017,

*before* the CRB finalized its review of the Administrative Judge's grant of fees to petitioner, based on her future disability payments, on July 20, 2017. 64 D.C. Reg. 6325 (July 7, 2017). *See Capital Auto Sales, Inc. v. District of Columbia*, 1 A.3d 377, 380 (D.C. 2010) (challenge to emergency rules was moot because they were superseded by permanent rules before being used for enforcement actions).

## IV. Conclusion

We conclude that ORM had the authority to issue these rules, the rules were consistent with the CMPA, the application of the rules to petitioner was not improperly retroactive, and petitioner's challenge to emergency rules is moot. Consequently, the CRB Decision and Order and the CRB Modified Fee Petition Order are

*Affirmed*.