*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-CV-383

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES
NATIONAL OFFICE, APPELLANT,

v.

DISTRICT OF COLUMBIA
PUBLIC EMPLOYEE RELATIONS BOARD, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CAP-846-13)

(Hon. John M. Mott, Trial Judge)
(Hon. Marisa J. Demeo, Trial Judge)

(Argued November 8, 2018                    Decided September 10, 2020)

*Hampton H. Stennis*, with whom *David A. Borer* was on the brief for appellant.

*Geoffrey H. Simpson*, with whom *Cedar P. Carlton* and *Bruce A. Fredrickson* were on the brief, for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*, and EASTERLY, *Associate Judge*, and WASHINGTON, *Senior Judge*.

WASHINGTON, *Senior Judge*: The American Federation of Government

Employees National Office ("AFGE") appeals from an order of the Superior Court

of the District of Columbia upholding a decision of the District of Columbia Public

Employees Relations Board ("PERB") ordering the AFGE to provide Christopher Collins with financial documents under the control of the AFGE affiliate Local 1975 ("Local 1975"). Because the PERB did not have the authority to order the National AFGE to respond to the complaint on behalf of Local 1975, we reverse.

## I. Facts

Mr. Collins, a member of the AFGE Local 1975, filed a standards of conduct complaint with the PERB against his local AFGE affiliate and the AFGE's National Union under D.C. Code § 1-617.03 (2016 Repl.) and 6-B DCMR § 544.2 (2020) alleging that his local union was being mismanaged. Specifically, Mr. Collins claimed that "there has been no accounting and fiscal/financial controls over [Local 1975's] membership dues and there has been no regular financial reports or summaries made available to members upon request[,]" which led him to conclude that "Union funds have been abused and mismanaged by Union representatives . . . ." As part of his complaint, he asked the PERB to order Local 1975 to turn over its fiscal records and meeting minutes from the previous four years; and further requested that the PERB order the AFGE to "report" on the financial submissions it received from Local 1975 during the same time period. Local 1975 never responded to the complaint, but some months after the filing, the

AFGE responded by filing a motion to dismiss the complaint for "lack of subject matter jurisdiction" or "as moot." More specifically, the AFGE claimed that it is "not subject to D.C. Code § 1-617.03 with respect to [Mr.] Collins'[] claims."

In response, the PERB issued an order refusing to consider the AFGE's motion to dismiss on the ground that it was untimely under 6-B DCMR § 544.6 (2015),[1] finding that the complaint stated a violation of D.C. Code § 1-617.03(a)(5), deeming the allegations admitted under 6-B DCMR § 544.7, and ordering Local 1975 and the AFGE to provide the requested relief. The AFGE filed a motion for reconsideration asking the PERB to consider whether it had jurisdiction over the AFGE under D.C. Code §§ 1-617.03, -617.10(a) and -617.11(b), and 6-B DCMR § 544.1. The PERB denied the AFGE's motion for reconsideration solely on the grounds that the PERB had complied with 6-B DCMR §§ 544.6 and 544.7 when issuing the original order.

---

[1] The PERB's and the trial court's references to 6-B DCMR §§ 544.6 and 544.7 were to the 2015 edition of the regulations. Those sections are now partially embodied in the 2020 edition of 6-B DCMR §§ 502.11, 502.12, and 502.13. We also note that the reference to "jurisdiction" in the 2015 edition of § 544.6 no longer appears in the 2020 edition of the regulations. Because this appeal turns on the question of the PERB's "jurisdiction," however, we analyze the issue by referring to the 2015 edition of the regulations.

The AFGE then sought review of those orders in the Superior Court. Judge John M. Mott considered the challenge as one of "jurisdiction" and proceeded to address the issue in a matter similar to how courts of general jurisdiction would address the claim. Judge Mott found: (1) that the use of the term jurisdiction in 6-B DCMR § 544.6 "does not distinguish whether 'jurisdiction' . . . means personal jurisdiction or subject matter jurisdiction"; (2) that the AFGE waived its argument that it was not subject to standards of conduct complaints under 6-B DCMR § 544.1 because the AFGE waived a challenge to the PERB's "personal jurisdiction" by filing an untimely response pursuant to 6-B DCMR § 544.6; and (3) that the matter should be remanded to the PERB to consider whether it had "subject matter jurisdiction" over standards of conduct complaints because subject matter jurisdiction cannot be waived.

On remand from the Superior Court, the PERB determined that it had subject matter jurisdiction over the complaint because it was responsible for overseeing compliance with the District's laws governing public employee labor organizations, including ensuring that those organizations are in compliance with their administrative responsibilities, and that a "union's failure to hold periodic . . . elections, . . . maintain fiscal integrity . . . or to provide members with regular financial reports" were "the very bases of [Mr.] Collins' allegations." Further, the

PERB determined that Judge Mott had "expressly rejected the AFGE's argument that the standards of conduct requirements in [6-B DCMR § 544.1] only apply to certified exclusive representative[s]" as "a personal jurisdiction argument couched as a subject matter jurisdiction defense" which the AFGE waived by failing to file a timely response. "Accordingly, consistent with the [Superior] Court's Opinion, the [PERB found] that it [had] subject matter and personal jurisdiction over [the] AFGE in this matter." The Superior Court, Judge Marisa J. Demeo, affirmed the PERB's order on remand and this appeal followed.

## II. Standard of Review and Legal Framework

"Although this is an appeal from a review of [an] agency action by the Superior Court . . . , we review the PERB decision as if the matter had been heard initially in this court." *Gibson v. District of Columbia Pub. Emp. Relations Bd*., 785 A.2d 1238, 1241 (D.C. 2001). While we will sustain the PERB's decision unless it is "clearly erroneous as a matter of law" or not "supported by substantial evidence," *id.* (internal quotation marks omitted), we "are not obliged to stand aside and affirm an administrative determination which reflects a misconception[,] . . . faulty application," *Thomas v. District of Columbia Dep't of Labor*, 409 A.2d 164, 169 (D.C. 1979), or failure to "conduct any analysis of" the applicable law.

*Georgetown Univ. v. District of Columbia Dep't of Emp't Servs.*, 971 A.2d 909, 915 (D.C. 2009).

### III. Analysis

Although the parties over the life of this case have had disputes about whether the PERB had personal or subject matter jurisdiction, we see this case as presenting a single question: whether the PERB is authorized to exercise jurisdiction, i.e., "authority" over the AFGE. At the outset, we note that jurisdictional doctrines applicable to courts cannot be directly transposed onto administrative agencies. *See City of Arlington v. FCC*, 569 U.S. 290, 298 (2013); *City of Hackensack v. Winner*, 410 A.2d 1146, 1159-60 (N.J. 1980). In *City of Arlington*, the Supreme Court discussed the confusion caused by references to "jurisdiction" when addressing the scope of an administrative agency's authority to decide certain matters. 569 U.S. at 297-301. In that case, the Court concluded that no matter how the term is used, the question "is always whether the agency has gone beyond what [the legislature] has permitted it to do." *Id.* at 298. We understand the Court to mean that courts reviewing agency actions ask not whether an agency has jurisdiction over a party or a dispute in the traditional sense of the term, but "whether the statutory text forecloses the agency's assertion of authority,

or not." *Id.* at 301. Therefore, the question before us is not whether the AFGE waived personal jurisdiction by responding to Mr. Collins' complaint after the deadline, but rather whether the AFGE is subject to standards of conduct complaints filed with the PERB under the Comprehensive Merit Personnel Act ("CMPA"), D.C. Code §§ 1-601.01 *et seq.* *See* D.C. Code §§ 1-605.02, -617.03; *District of Columbia v. 17M Assocs., LLC*, 98 A.3d 954, 959 (D.C. 2014) ("An administrative agency is a creature of statute and may not act in excess of its statutory authority. When the legislature passes an Act empowering administrative agencies to carry on governmental activities, the power of those agencies is circumscribed by the authority granted.") (internal quotation marks and citations omitted); 73 C.J.S. Public Administrative Law and Procedure § 163 (2020) ("[A]dministrative . . . agencies must . . . act within the limited scope of their powers.").

Whether the CMPA and 6-B DCMR § 544.6 grant the PERB statutory authority to order the AFGE to respond to standards of conduct complaints filed by an employee against his exclusive bargaining representative is a question of statutory interpretation that we review *de novo*. *See Johnson v. District of Columbia Dep't of Emp't Servs.*, 111 A.3d 9, 10 (D.C. 2015). As with all statutory interpretation questions, "[w]e look to the plain meaning of the statute first,

construing words according to their ordinary meaning." *Boyle v. Giral*, 820 A.2d 561, 568 (D.C. 2003) (internal citation omitted). Only if the intent of the legislature is unclear will we defer to an agency's reasonable interpretation of its statutory authority. *See City of Arlington*, 569 U.S. at 296 (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S 837, 842-43 (1984)); *accord Johnson*, 111 A.3d at 10. Although we will carefully consider the PERB's interpretation of the CMPA, "[t]he judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear [legislative] intent." *District of Columbia Fire & Emergency Med. Servs. Dep't v. District of Columbia Pub. Emp. Relations Bd.*, 105 A.3d 992, 996 (D.C. 2014) (quoting *Chevron,* at 843 n.9 (internal quotation marks omitted)); *see also District of Columbia v. Brookstowne Cmty. Dev. Co.*, 987 A.2d 442, 449 (D.C. 2010) ("Agencies are creatures of statute and their authority and discretion are limited to that which is granted under their founding statutes. Therefore, regulations they enact pursuant to that statutorily provided authority cannot expand that authority.").

Having reviewed the CMPA and the record in this case, we believe that the PERB exceeded its authority in asserting jurisdiction over the AFGE in this standards of conduct complaint case. We recognize the CMPA does not expressly

state that the PERB does not have authority over a national union such as the AFGE. However, when we read the statute as a whole, as we must, *see Odeniran v. Hanley Wood, LLC*, 985 A.2d 421, 428 (D.C. 2009), it is clear that the statute limits the PERB's enforcement authority for standards of conduct complaints to an employee's exclusive bargaining representative, and there is no evidence in the record from which the PERB could find that the AFGE meets that definition. Instead, the PERB only has authority over Local 1975, because Local 1975 is Mr. Collins' exclusive bargaining representative. *See In re D.C. Dep't of Motor Vehicles & AFGE Local 1975*, PERB Case Nos. 99-UM-08 & 99-UCN-06, Op. No. 613 (Dec. 9, 1999) at 3; *In re D.C. Dep't of Motor Vehicles & AFGE Local 1975*, PERB Case Nos. 99-UM-08 & 99-UCN-06, Certification No. 110 (Dec. 9, 1999) at 2. Thus, the PERB's assertion of authority over the AFGE in this case reflects a misapplication of the law and requires reversal. *See* D.C. Code § 2-510(a)(3)(A), (C) (2016 Repl.); *Georgetown Univ.*, 971 A.2d at 915; *Thomas*, 409 A.2d at 169.

There is no dispute that the PERB has "jurisdiction/authority" to review standards of conduct complaints filed pursuant to the CMPA. *See* D.C. Code §§ 1-605.02(2), (9), -617.03(a). However, a plain reading of the applicable CMPA provisions makes it clear that the PERB's authority to "[m]ake decisions and take

appropriate action" on standards of conduct complaints is limited to actions brought against an employee's "exclusive bargaining representative[]" who fails "to adopt, subscribe, or comply with the internal or national labor organization standards of conduct for labor organizations." D.C. Code § 1-605.02(2), (9); *see also* §§ -605.02(2) (the PERB has the power to "[c]ertify and decertify exclusive bargaining representatives"), (7) (the PERB has the power to conduct hearings "on any matter subject to its jurisdiction"), -617.03 (laying out the "[s]tandards of conduct for labor organizations" and requirements for an organization's recognition by the PERB), -617.10 (describing the procedures for a labor organization to be chosen as an "[e]xclusive representative[]"), -617.11 (describing the "[r]ights accompanying exclusive recognition").

Here, the complaint alleges that Local 1975, the complaining employee's exclusive bargaining representative, failed to comply with its internal or national labor organization standards for electing officers and maintaining and disclosing financial records, a complaint clearly consistent with the statute's purpose and the PERB's scope of authority. Indeed, the PERB's own regulations governing CMPA standards of conduct complaints recognize that the PERB's authority is over labor organizations that have "been accorded exclusive recognition pursuant to D.C. [] Code §§ 1-617.10(a) or 1-617.11(b)," or are, at a minimum, "seeking to be

certified as an exclusive representative." 6-B DCMR § 544.1. Therefore, under a plain reading of this statutory scheme, the CMPA grants the PERB jurisdiction to hear and decide whether exclusive bargaining representatives are in compliance with the standards of conduct provisions of the statute, or whether their conduct complies with the internal or national standards of conduct for labor organizations.

Accordingly, the AFGE's assertion that the PERB did not have the authority to order it to respond to the allegations in the complaint filed by Mr. Collins because it was not Mr. Collins' exclusive bargaining representative, was a substantive defense to the PERB's exercise of authority over it with regard to standards of conduct complaints. Yet, instead of addressing that issue directly, the PERB found that the AFGE had waived its right to raise a challenge to the PERB's exercise of authority over it because it failed to timely file an answer to the complaint. In essence, the PERB avoided the thorny threshold question of whether it had statutory authority over the AFGE in these types of cases by asserting that the AFGE waived its right to object to the PERB's assertion of its authority by failing to timely file its objections under 6-B DCMR §§ 544.6 and 544.7. The PERB's refusal to consider the AFGE's motion to dismiss and instead issue a default order as the basis for justifying its exercise of jurisdiction/authority is plainly wrong if it expands the agency's power and authority beyond that afforded to it by its

governing statutes and regulations. *See 17M Assocs., LLC*, 98 A.3d at 959; 73A C.J.S. Public Administrative Law and Procedure § 281 ("An administrative body may not acquire jurisdiction by . . . consent. . . . An administrative body cannot act effectually where it lacks jurisdiction, and when it does so, its orders are void."). As we have previously noted, a plain reading of both the CMPA and the regulations governing standards of conduct complaints specifically refer to the PERB's authority to regulate the conduct of "exclusive bargaining representatives" of government employees. Thus, the PERB's attempts to assert authority over a non-exclusive bargaining representative like the AFGE is plainly inconsistent with the scope of the PERB's authority under both CMPA and 6-B DCMR § 544.1, neither of which the PERB interpreted or applied to this case. *See Placido v. District of Columbia Dep't of Emp't Servs.*, 92 A.3d 323, 326 (D.C. 2014); *Georgetown Univ.*, 971 A.2d at 915; *Thomas*, 409 A.2d at 169.

The PERB's reliance on waiver is also misplaced here for reasons similar to those rejected by the Supreme Court in *City of Arlington v. FCC*. *See* 569 U.S. at 297. As the Supreme Court of New Jersey has noted:

> [A]dministrative agencies cannot be equated with judicial courts. An administrative agency is not simply a neutral forum whose function is solely to decide the controversy presented to it. Administrative agencies belong to a

> different branch of government. They are separately created and exercise executive power in administering legislative authority selectively delegated to them by statute. . . . [T]he adjudicative functions of administrative agencies are actually an aspect of their regulatory powers and, in essence, do not embrace or constitute the exercise of judicial authority. Courts, by contrast, are constitutionally-founded, independent and impartial adjudicative tribunals constituted to hold and exercise the judicial power which emanates directly from the Constitution. . . . Consequently, procedures and techniques developed to handle the operation and business of the courts may not be transported [i]n toto or imported wholesale into administrative agencies.

*Winner*, 410 A.2d at 1159-60 (internal citations omitted). Because the PERB's authority to consider standards of conduct complaints is prescribed by statute, Judge Mott's determination that the AFGE waived "personal jurisdiction" under 6-B DCMR § 544.6 is not probative of the PERB's authority to exercise its jurisdiction over the AFGE in the first instance.

Moreover, even in courts of general jurisdiction, personal jurisdiction is waived only if a party submits itself to the court's authority before asserting that the court lacks personal jurisdiction. *See In re Clark*, 684 A.2d 1276, 1279 (D.C. 1996); Super. Ct. Civ. R. 12(b)(2), (h)(1); 73A C.J.S. Public Administrative Law and Procedure § 281 ("[A] voluntary appearance before a tribunal, *without raising any objection as to personal jurisdiction*, is sufficient to confer personal

jurisdiction.") (emphasis added). Here, the AFGE never submitted to the authority

of the PERB. In fact, in its first response to Mr. Collins' complaint, the AFGE

challenged the PERB's authority to issue any orders commanding the AFGE to take

any action. That raised a threshold jurisdictional issue regarding the authority of

the agency over the AFGE in this type of complaint, an issue that had to be

addressed before the PERB could enter a default judgment pursuant to its rules.[2]

---

[2] The PERB argues that the AFGE waived its personal jurisdiction claim because it "did not timely file an answer to the complaint." The PERB's argument is unconvincing. Untimeliness is not an automatic bar to challenging personal jurisdiction, as we have previously held that a defendant did not waive his personal jurisdiction defense despite filing an answer raising the defense two months after receiving the complaint. *See Devoto v. Devoto*, 358 A.2d 312, 313 (D.C. 1976) (holding appellee had preserved his personal jurisdiction defense despite filing an answer containing this defense two months after receiving the summons and complaint and long after the twenty-day time limit for responding had expired).

Even though this case involves the PERB's rules as laid out in 6-B DCMR § 544.7, personal jurisdiction ultimately "flows . . . from the Due Process Clause," *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982), so we also find support for our holding in the decisions of federal courts analyzing personal jurisdiction. For example, Superior Court Rule of Civil Procedure 12(h) is identical to Federal Rule of Civil Procedure 12(h). Both concern when a local or federal Rule 12(b)(2) lack of personal jurisdiction defense is waived. "[W]hen a local rule and a federal rule are identical, we may look to federal court decisions in interpreting the federal rule as persuasive authority in interpreting the local rule." *Williams v. United States*, 878 A.2d 477, 482 (D.C. 2005) (internal quotation marks and citations omitted). Several federal circuit courts have held that Federal Rule of Civil Procedure 12(a)(1)'s twenty-one day time limit for defendants to respond to a complaint does not apply to motions asserting a personal jurisdiction defense. *See, e.g.*, *Hedeen Int'l, LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016) ("Under a straightforward reading of Rule 12, a challenge to personal jurisdiction may be asserted either in a responsive

(continued…)

Because "[a]n administrative agency is a creature of statute and may not act in excess of its statutory authority," the PERB's broad claim of authority over the AFGE through the use of a default rule applicable to those appropriately before the agency "is *ultra vires* and a nullity." *17M Assocs., LLC*, 98 A.3d at 959 (quotation marks omitted); *see also Placido*, 92 A.3d at 326. The CMPA and "the regulations promulgated by the [PERB] empower the [PERB] to review complaints alleging the failure of a *recognized* labor organization to comply with the standards of conduct

---

(…continued)

pleading filed within 21 days, or in a motion with no similar time limit specified."); *Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir. 1983) ("Rule 12(h)(1) . . . does not call for the assertion of the lack of personal jurisdiction defense within the time provided in Rule 12(a)."); *Bechtel v. Liberty Nat. Bank*, 534 F.2d 1335, 1340-41 (9th Cir. 1976) (holding that a personal jurisdiction defense is not limited to the Rule 12(a) time period); *see also* 5C Wright, Miller, Kane & Spencer, Federal Practice and Procedure: Federal Rules of Civil Procedure § 1391 (3d ed. 2020) ("there is no warrant for treating the passage of the Rule 12(a) period as a basis for waiver of Rule 12(b) motions; a motion under the rule is timely as long as it is made before the filing of a responsive pleading and waiver of Rule 12(b) motions only results under the conditions outlined in Rules 12(g) and 12(h)") (footnote omitted); *but see Farmers Elevator Mut. Ins. Co. v. Carl J. Austad & Sons, Inc.*, 343 F.2d 7, 12 (8th Cir. 1965) (noting in dicta that failure to raise affirmative defense within time limit results in waiver). These authorities focus on whether the defense was raised first, not when it was raised, and we find that logic persuasive here. Thus, the AFGE did not waive its personal jurisdiction defense even though it filed its motion to dismiss outside the fourteen-day time limit in 6-B DCMR § 544.7 because it raised the defense in its "first significant defensive move" in response to the complaint. *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2nd Cir. 1998) (internal quotation marks and citation omitted).

mandated by" the CMPA. *Fraternal Order of Police MPD Labor Comm. v. Public Emp. Relations Bd.*, 516 A.2d 501, 504-05 (D.C. 1986) (citing D.C. Code § -617.03) (emphasis added); *see also Neill v. Public Emp. Relations Bd.*, 93 A.3d 229, 232 (D.C. 2014) ("The PERB has jurisdiction to hear complaints alleging that a recognized union failed to comply with the specified conduct standards."). Local 1975 is the exclusive bargaining representative of the complainant in this case and, therefore, it is the recognized labor organization under the CMPA over which the PERB has statutory authority.

For these reasons, we reverse the orders of the Superior Court and remand this matter for the trial court to enter an order remanding the matter to the PERB and directing the PERB to grant the AFGE's motion to dismiss.[3]

*So ordered.*

---

[3] Because we are remanding so that the AFGE can be dismissed from the case, we need not address its mootness argument.

We note that Mr. Collins is not without a remedy. He filed a complaint against both the AFGE *and* Local 1975, so the PERB can use its resources to require Local 1975 to provide the documents requested by Mr. Collins. For example, the PERB admitted at oral argument that it had not, at that time, sought to enforce the default order against Local 1975 in Superior Court, a remedy that is clearly within the PERB's authority to request. *See* D.C. Code §§ 1-605.02(16), -617.13(b).